UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD E. SPARKS, JR.,

                                Plaintiff,

                                                        CIVIL CASE NO. 02-40351

v.

WAL-MART STORES, INC.,                  HONORABLE PAUL V. GADOLA
                                                         U.S. DISTRICT COURT
                                Defendant.
_____/

**<u>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION</u>**

Plaintiff Donald E. Sparks filed this negligence suit after he was injured by a fishing rod display at a Wal-Mart store. Defendant Wal-Mart filed a motion for summary judgment on three issues, which the Court denied. Before the Court is Defendant's motion for reconsideration. For the reasons provided below, the Court will deny the motion.

**I.    Background**

This is a premises liability action brought by Plaintiff Donald E. Sparks ("Sparks") against Defendant Wal-Mart Stores, Inc. ("Wal-Mart"). Plaintiff alleges that Defendant negligently failed to maintain or inspect the premises of its Gaylord, Michigan store to ensure that the premises was safe for business invitees. Plaintiff further alleges that this failure caused a ceiling mounted display to fall from the ceiling and injure him. On August 6, 2004, Defendant filed a motion for summary judgment. The Court held a hearing on the motion on February 10, 2005, and entered an order denying the motion on March 16, 2005. Defendant then filed a motion for reconsideration on March 28, 2005, asking the Court to reverse its order denying summary judgment for Defendant.

Specifically, Defendant argues that an unpublished Michigan Court of Appeals case, issued the day before this Court entered its order, is intervening case law that warrants reversal of the order. The case is *Boyer v. Target Corp.*, No. 251790, 2005 Mich. App. LEXIS 711 (Mich. Ct. App. Mar. 15, 2005). This order incorporates by reference the facts in the Court's March 16, 2005 order denying Defendant's motion for summary judgment.

## II.     Legal Standard

The Court may only grant reconsideration in limited circumstances. To succeed on a motion for reconsideration, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. Local R. 7.1(g) (3). A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest, or plain." *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001) (Gadola, J.). Furthermore, the Court "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. Local R. 7.1(g) (3).

## III.    Analysis

Defendant's motion for summary judgement raised three issues: First, whether Defendant had any notice of the dangerous condition associated with the display; Second, whether the risk of harm from the display was open and obvious; and Third, whether Plaintiff had adequately set forth evidence of a defect in the display, which is necessary to demonstrate causation. Defendant's motion for reconsideration addresses only two of the three issues, the first issue of notice and the third issue of defect and causation. The motion for reconsideration does not address the second issue

of whether the risk of harm from the display was open and obvious. Accordingly, the Court will address only Defendant's arguments that the Court reconsider its ruling regarding the first and third issues.

### A. *Boyer v. Target Corp.*

Before considering Defendant's arguments, a brief summary of the facts and legal reasoning in *Boyer* is necessary. The plaintiff in that case, Donna Boyer ("Boyer"), was appealing the trial court's grant of summary judgment in favor of the defendant, Target Corporation ("Target"). Boyer was injured at a Target store when a fireplace utensil fell off of a shelf and hit her right arm and shoulder. This incident occurred when she reached up to a fireplace display to turn around a price tag. The fireplace screen, along with utensils, fell toward the plaintiff, who fended off the screen with her left hand.

Like the plaintiff in the present case, Boyer sued for negligence, which requires a plaintiff to prove: "(1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages." *Boyer*, 2005 Mich. App. LEXIS 711, at *2. Another similarity to this case is that the court considered Boyer to be an invitee. "In general, a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Id.* (quoting *Lugo v. Ameritech Corp.*, 464 Mich. 512, 516 (2001)). The issue for the Michigan Court of Appeals, then, was "whether the display was an unreasonably dangerous condition." *Id.* If so, the plaintiff owed a duty to the defendant; if not, the plaintiff owed no duty. The court ruled it was not unreasonably dangerous, and thus, the defendant did not owe any duty to the plaintiff. The court said it was irrelevant to the issue of being

3

unreasonably dangerous that the defendant failed to follow its own safety procedures that called for the fireplace display to be tied down. Regarding causation, the court said that the plaintiff must provide some explanation for why the fireplace screen and utensils fell on her, which she failed to do. The court noted that the doctrine of res ipsa loquitur failed because the fireplace was not in the store's exclusive control.

**B.     Notice**

Michigan law requires that a prima facie case of premises liability include sufficient evidence that the landowner either created the dangerous condition or had actual or constructive notice of the condition, as this Court noted in its order denying Defendant's motion for summary judgment. This Court cited *Berryman v. Kmart*, 193 Mich. App. 88, 92-93 (1995), which in turn quotes *Serinto v. Borman Food Stores*, 280 Mich. 637, 640-41 (1968) for that "well established" principle. *See also Clark v. Kmart Corp.*, 465 Mich. 416, 419 (2001).

This Court ruled that the store's safety procedures manual provided notice that the display should not be suspended from the drop ceiling, and to do otherwise would make it defective and dangerous. In reaching that conclusion, the Court viewed all the facts in the light most favorable to, and made reasonable inferences in favor of, Plaintiff, who was the non-moving party. These facts and inferences included: the display was suspended from the drop ceiling frame, not the building trusses, or joists; the safety manual's procedures were in effect at the time of the incident; and, the drop ceiling was not sturdy enough to support anything besides "kites, scarfs, etc." as described in the manual.

Defendant argues that *Boyer* followed established Michigan law that imposing a legal duty

on an owner or possessor of property based upon internal policies, such as safety procedures, is contrary to public policy. Defendant then applies that principle to the present case, stating that suspending the display in violation of safety procedures does not impose a duty on Defendant, "nor does it provide notice that any dangerous condition existed with respect to the display." Def. Br. at 4.

The problem with Defendant's argument is that it uses the legal analysis for the element of duty and applies it to the issue of notice. Defendant is correct insofar as internal policies do not create a duty under Michigan law. That, however, is a different matter from the issue of whether Defendant's internal policies, the safety manual in this case, provided notice that the display was dangerous. Defendant is asking this Court to reconsider its ruling on the issue of notice because of a legal principle for the element of duty.

The Court, in its order, ruled that Defendant had notice of the display's danger because a reasonable inference from its internal safety procedures is that the drop ceiling cannot hold the display. The Court did not address the issue of duty because Defendant's motion for summary judgment did not address that issue. Now, Defendant is trying to conflate the two issues, using a legal rule for the issue of duty to argue about the issue of notice. Neither the *Boyer* case nor Defendant's brief provide any reason for the Court to agree.

  **C. Defect & Causation**

In a Michigan premises liability action for negligence, a plaintiff must provide evidence of a defect in order to establish factual and proximate causation for the injury. *Skinner v. Square D Co.*, 445 Mich. 153, 159 (1994). The Court denied Defendant's motion for summary judgment on

this issue because Plaintiff himself witnessed the display fall, and there was evidence suggesting a defect in the display, which supported his causation argument. Because the Court was considering Defendant's motion for summary judgment, it viewed the evidence in the light most favorable to the Plaintiff, and it made reasonable inferences in his favor. Those inferences included the key point that the display fell because it was suspended from the drop ceiling, which could not support the weight, rather than the building trusses or joists.

Defendant argues that *Boyer* is factually analogous because the plaintiff in that case does not know exactly how or why the fireplace display fell on her after she reached up and turned around a hanging price tag. The *Boyer* court noted that the plaintiff failed to establish any causal explanation; her testimony "fails to explain how the admittedly heavy piece of furniture fell from its overhead shelf." *Boyer*, 2005 Mich. App. LEXIS 711, at *4. Defendant then argues that Plaintiff, like the plaintiff in *Boyer*, does not know why the display fell, has offered no evidence as to why the display fell, and has merely offered an unsubstantiated theory.

Defendant's argument does not acknowledge the crucial factual difference between this case and *Boyer*. While there is no explanation for why or how the fireplace display fell on the plaintiff in *Boyer*, there is an explanation for why the fishing rod display fell on Plaintiff. The explanation here is that the display was hung from a drop ceiling. For purposes of Defendant's summary judgment motion, the Court concluded, from Plaintiff's evidence, that the drop ceiling was not strong enough to support the large wooden display. This conclusion resulted from the store's own safety manual which instructs that the drop ceiling should only support kites, scarves and similar light items and from the reasonable inference that the force of gravity exerted a constant pull on the

display. Eventually, the insufficient drop ceiling gave out to that constant force and the display fell on the Plaintiff. In contrast, the fireplace display in *Boyer* was sitting on a shelf, and the plaintiff did not allege it was slanted or tilted, or that someone bumped it, or any other explanation for how an item at rest suddenly moves.

**IV.     Conclusion**

In conclusion, Defendant has failed to "demonstrate a palpable defect," E.D. Mich. Local R. 7.1(g) (3), in the Court's ruling, or that *Boyer*, the unpublished Michigan Court of Appeals case, represents case law that warrants reversal of the Court's order denying Defendant's motion for summary judgment.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's motion for reconsideration [docket entry 67] is **DENIED**.

**SO ORDERED.**


Dated: September 14, 2005                              s/Paul V. Gadola
                                                       HONORABLE PAUL V. GADOLA
                                                       UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on  September 14, 2005  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
    Pal S. Koczkur; Gary L. Schmalzried; Leonard A. Siudara           , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                                      .

                                                                s/Ruth A. Brissaud
                                                                Ruth A. Brissaud, Case Manager
                                                                (810) 341-7845